Anthony M. Keats (Bar No. 123672)
akeats@kmwlaw.com
David K. Caplan (Bar No. 181174)
dcaplan@kmwlaw.com
Konrad K. Gatien (Bar No. 221770)
kgatien@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Penthouse Suite
Beverly Hills, California  90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363

Attorneys for Plaintiff
LOUIS VUITTON MALLETIER, S.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br><br>                Plaintiff,<br><br>    v.<br><br>SELEX FOOTWEAR, INC., a California corporation, KIMIM LIEN THI NGUYEN, an individual, K SHOES N GIFTS, a California corporation, HAN THAI, a business of unknown origin, PHUONG L. LUU, an individual, and JOHN DOES 1-10,<br><br>                Defendants. | Case No.:  SACV 08-733 JVS (ANx)<br><br>**FINAL JUDGMENT UPON CONSENT WITH RESPECT TO DEFENDANTS SELEX FOOTWEAR, INC. AND KIMIM LIEN THI NGUYEN** |

Plaintiff, Louis Vuitton Malletier, S.A. (hereinafter "Louis Vuitton" or "Plaintiff"), having filed a Complaint in this action charging defendants Selex Footwear, Inc. and Kimim Lien Thi Nguyen (hereinafter "Defendants") with federal trademark counterfeiting, federal trademark infringement, federal false designation of origin, federal trademark dilution, federal copyright infringement, state statutory and common law trademark counterfeiting, infringement and unfair competition, state statutory unfair competition, state statutory and common law trademark dilution, and constructive trust, and the parties desiring to settle the controversy between them, it is

**ORDERED, ADJUDGED AND DECREED** as between the parties that:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 15 U.S.C. §§ 1116(a) and 1121; 17 U.S.C. § 501; 28 U.S.C. § 1331, and § 1338(a) and (b); and 28 U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c). Service was properly made against Defendants and Defendants do not contest service or jurisdiction.

2. Louis Vuitton is organized and existing under the laws of France, with its principal place of business in Paris, France. Louis Vuitton is the sole and exclusive distributor in the United States of goods bearing the Louis Vuitton Trademarks and Louis Vuitton Copyrighted Works (defined below).

3. Louis Vuitton is the owner of all rights in and to numerous federal trademark applications and registrations including without limitation the following:

| **Mark** | **Registration No.** | **Date of Registration** |
| --- | --- | --- |
| LV and Design | 1,770,131 | May 11, 1993 |
| LV and Design | 2,399,161 | October 31, 2000 |
| Flower Design | 2,181,753 | August 18, 1998 |
| Flower Design | 2,177,828 | August 4, 1998 |
| Flower Design | 2,773,107 | October 14, 2003 |

Louis Vuitton is also the owner of the common law Monogram Multicolor Trademark, a modified version of its Toile Monogram Trademark, printed in thirty-three bright

Murakami colors on a white or black background.  Louis Vuitton's trademarks, including without limitation those specifically identified hereinabove, are hereinafter collectively referred to as the "Louis Vuitton Trademarks."  True and correct copies of the Certificates of Registration issued by the United States Patent and Trademark Office evidencing the above-referenced federal trademark registrations are attached to the Complaint and identified as Exhibit 1.

   4. Louis Vuitton is the owner of certain registrations in the United States Copyright Office including, but not limited to, U.S. Registration No. VA 1-250-121 for the Louis Vuitton Multicolor Monogram – Black Print and U.S. Supplementary Registration No. VA-1-365-644 for the Louis Vuitton Multicolor Monogram –Black Print; and U.S. Registration No. VA-1-250-120 for the Louis Vuitton Multicolor Monogram – White Print and U.S. Supplementary Registration No. VA-1-365-645 for the Louis Vuitton Multicolor Monogram – White Print.  Louis Vuitton's copyrights, including without limitation the copyrights specifically identified hereinabove, are hereinafter collectively referred to as the "Louis Vuitton Copyrighted Works."  True and correct copies of the Certificates of Registration issued by the United States Copyright Office evidencing these federal copyright registrations, as well as a color photograph of the copyrighted works identified therein, are attached to the Complaint and identified as Exhibit 2.

   5. The Louis Vuitton Trademarks are in full force and effect; and the trademarks thereof and the goodwill of Plaintiff's businesses in connection with which the trademarks are used have never been abandoned.

   6. Plaintiff alleges that Defendants have sold merchandise wrongfully bearing counterfeits of the Louis Vuitton Trademarks and infringements of the Louis Vuitton Copyrighted Works.  Defendants enter into this Judgment without admitting liability.

7. Defendants and their officers, directors, employees, attorneys, partners, agents, subsidiaries, successors, assigns, affiliates and any and all persons and entities under Defendants' direction or control, or in active concert or participation with any of them, agree to be contractually enjoined and are immediately and permanently enjoined and restrained throughout the world from:

(a) using any reproduction, counterfeit, copy or colorable imitation of the Louis Vuitton Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

(b) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, Defendants' customers, and/or members of the public to believe that the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

(c) affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff;

(d) damaging Plaintiff's goodwill, reputation, and business;

(e) infringing the Louis Vuitton Trademarks by manufacturing, importing, producing, distributing, circulating, marketing, advertising, promoting, offering for sale, selling, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, infringement, copy or colorable imitation of the Louis Vuitton Trademarks or Louis Vuitton Copyrighted Works;

(f) using any simulation, reproduction, counterfeit, infringement, copy or colorable imitation of the Louis Vuitton Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in

any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

(g) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public; or individual members thereof, to believe that any products manufactured, distributed or sold by Defendants are in any manner associated or connected with Plaintiff, or are sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(h) directly or indirectly causing the dilution, blurring or tarnishment of the Louis Vuitton Trademarks or using any other name or trademark likely to cause dilution, blurring or tarnishment of any of the Louis Vuitton Trademarks;

(i) directly or indirectly copying or appropriating any valid intellectual property rights of Louis Vuitton throughout the world including, but not limited to, trademarks, copyrights, design patents, trade dress or luggage, handbags, shoes, apparel, or accessory designs; and

(j) assisting, aiding or abetting any other person or business entity from engaging in or performing any of the above-described acts.

(a) The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the settlement agreement between the parties, this Judgment, the enforcement thereof and the punishment of any violations thereof.

(b) This Judgment shall be deemed to have been served upon Defendants at the time of its execution by the Court.

(c) The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendants.

Dated: November 19, 2008

_____
Hon. James V. Selna
United States District Judge

Presented by:

ANTHONY M. KEATS
DAVID K. CAPLAN
KONRAD K. GATIEN
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
(310) 248-3830

_____
Konrad K. Gatien
Attorneys for Plaintiff
Louis Vuitton Malletier, S.A.

**CONSENTS**

The undersigned hereby consent to the entry of the Final Judgment Upon Consent.

Dated: _____, 2008        SELEX FOOTWEAR, INC.

By: _____

Printed Name: _____

Its:_____

Dated: _____, 2008        KIMIM LIEN THI NGUYEN

By: _____